UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
:
UNITED STATES OF AMERICA,      :   **AFFIRMATION OF**
:   **ROBERT F. KATZBERG**
Plaintiff,            :
:
v.                      :
:   **06-CR-1179 (RJH) (S2)**
GALINA ZHIGUN,                 :
:
Defendant.            :
-------------------------------------------X

Robert F. Katzberg, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, hereby affirms under the penalties of perjury as follows:

1. I am a member of the firm of Kaplan & Katzberg, 767 Third Avenue, New York, New York, counsel for defendant Galina Zhigun ("Zhigun"), and am fully familiar with the facts and circumstances herein.

2. This affirmation is respectfully submitted in support of Ms. Zhigun's pre-trial motions to: (a) require the government to provide a bill of particulars pursuant to Rule 7(f), Fed.R.Crim.P.; and (b) suppress the evidence seized from 2729 Coney Island Avenue, Brooklyn, New York.

## Indictment and Superseding Indictments

3. The original indictment, unsealed on January 4, 2007, alleges bank, wire and mail fraud, and conspiracy to commit same, in which various banks and lending institutions were allegedly defrauded by defendants, in their capacity as mortgage brokers, who submitted applications and supporting documentation for mortgages and home equity loans with allegedly false or misleading information. Twenty-two defendants are named in that indictment, including Aleksander Lipkin (hereinafter "Lipkin"), Igor Mishelevich, Alex Gorvits (hereinafter "Gorvits"), Marina Dubin, Igor Buzakher, Joseph Paperny, Daniel Mikhlin, Nathaniel Kessman, and Lucianne Morello.

4. A superseding indictment was filed on July 3, 2007, naming our client, Galina Zhigun, and Garri Zhigun, and Maryann Furman, as additional defendants. Ms. Zhigun in charged in Counts One, Nine and Fifteen of the superseding indictment. Count One charges conspiracy to commit bank, wired and mail fraud, in violation of 18 U.S.C. §1349. Count Nine charges bank fraud in violation of 18 U.S.C. §§2 and 1344. Count Fifteen also charges bank fraud in violation of 18 U.S.C. §§2 and 1344.

5. A second superseding indictment, filed on October 9, 2007, adds Alexander Kaplan as a defendant and charges him in eleven of the counts. The second superseding indictment did not result in any substantive changes regarding Ms. Zhigun.

6. Specifically, this indictment alleges that defendant Zhigun and twenty-six other defendants, along with an unknown number of unindicted and unidentified individuals, were involved in a massive conspiracy, in which they brokered over one thousand home mortgages and home equity loans with a total face value of over two hundred million dollars, through mortgage brokerage firms Northside Capital, AGA Capital and its successor, Lending Universe. Second Superseding Indictment (hereinafter "Second Superseder") at Count One, ¶¶1-3.

## Discovery and Particulars

7. Counsel first requested discovery and particulars from the government on July 19, 2007 ("Discovery Letter"). A copy of the letter is attached hereto as Exhibit "A." Extensive correspondence between the parties followed, and the government has made available thousands of pages of mortgage and loan documents, thousands of recordings of telephone calls, and video surveillance and photographs.

## Defendant Zhigun Is Entitled To A Bill Of Particulars, Pursuant To Rule 7(F), Fed.R.Crim.P.

8. In the Discovery Letter, counsel requested that the government provide crucial information not set forth in the indictment, including: (a) the identity of unnamed co-conspirators and others referred to the indictment (Exhibit "A," requests 1, 8, and 14 as to count one); (b) the location where events are alleged to have taken place (Exhibit "A," requests 2, 5 10, 11 at to count one); (c) the specific "false

information" it alleges the defendants provided, or the "material omissions" involved in obtaining the mortgages in question (Exhibit "A," requests 4, 7, 12, 15, 16, and both requests as to counts nine and fifteen); and (d) the identify of the properties subject to the allegedly false applications (Exhibit "A," requests 3, 6, 9, 13 and 17).

9. The government has not responded to these requests for particulars.

10. As shown in the accompanying Memorandum of Law, the government has an obligation to provide particulars to apprise the defendant of the charges against her with enough specificity to enable her to defend herself, even where it has provided extensive document discovery. For that reason, the government must identify the specific properties for which it alleges Mrs. Zhigun conspired to defraud lenders, the specific information the defendants allegedly provided or the "material omissions" they allegedly made, the locations where events material to the allegations occurred, and the identities of her alleged co-conspirators.

### Affidavit Executed by Special Agent O'Connell in Support of Search Warrants

11. A day before the original indictment was unsealed, the government searched four different offices pursuant to warrants issued by a Magistrate Judge in this Court. The four searches occurred at: (a) the law office of Alex Rozenzaft at 293 Avenue S, Brooklyn, New York; (b) the office of Rigonda Financial at 1719 East 12th Street, Brooklyn, New York; (c)Galina Zhigun's AGA Capital office located at 2729 Coney

Island Avenue, Brooklyn, New York (hereinafter "PREMISES 2"); and (d) an affiliated office of AGA Capital at 2713 Coney Island Avenue, Brooklyn, New York (hereinafter "PREMISES 3"), run by defendant Aleksander Lipkin (attached hereto as Exhibit "B," bates stamped APP 0001- APP 0057).

12. In support of its request for the search warrants for the four offices, Special Agent O'Connell summarizes the evidence against certain alleged co-conspirators, including conversations with a cooperating witness and intercepted telephone calls (APP 0021, APP 0024 – 0027, APP 0035, and APP 0038 – 0042).

13. A review of the evidence set forth in the affidavit demonstrates that the government has no information that Galina Zhigun was involved in any criminal activity, nor is there any specific information that criminal activity was occurring at PREMISES 2.

14. In comparison, however, the agent notes that it had intercepted telephone conversations, video surveillance, cooperating witness information, showing alleged criminal activity at the other locations involving the aforementioned alleged conspirators (APP 0021, APP 0024 – 0027, APP 0035, and APP 0038 – 0042).

15. The alleged factual evidence the agent offers regarding PREMISES 2 is at best, extremely attenuated. He notes that three mortgages or loans for properties were allegedly obtained based on the submission in 2005 of false or misleading information

prepared by brokers Lipkin and Gorvits (APP 0036). At that time, these brokers allegedly filled out the forms listing PREMISES 2 as their address (id.).

16. Despite the listing of PREMISES 2 as their address in 2005, the agent offers no information suggesting that either broker is currently working at PREMISES 2. Indeed, the only information set forth in the affidavit is that Lipkin operates the office at PREMISES 3 (APP 0035).

17. Finally, the only other information in the affidavit concerning PREMISES 2 is that Lipkin and Gorvits were seen entering that location in May and July 2006 (APP 0033 – 0034).

### As There Was No Probable Cause to Search Defendant's Office, the Items Seized Must Accordingly be Suppressed

18. As shown in the accompanying Memorandum of Law, such a paucity of information does not support a finding that there was a fair probability of locating evidence from a crime at PREMISES 2. Without such probable cause, any evidence seized from that location must be suppressed.

WHEREFORE, your deponent respectfully requests, on behalf of defendant Zhigun, that her pre-trial motions be granted for the reasons set forth in the accompanying Memorandum of Law.

DATED:   New York, New York
         December 19, 2007

                                              Yours, etc.,

                                              _____
                                              Robert F. Katzberg

TO:   Jonathan Brian New, Esq.
      Katherine Rachael Goldstein, Esq.
      Assistant U.S. Attorneys
      One St. Andrew's Plaza
      New York, New York 10007

      All Defense Counsel

      (All Via ECF)