# EXHIBIT "A"

Case 1:06-cr-01179-RJH   Document 224-3   Filed 12/19/2007   Page 1 of 9

KAPLAN & KATZBERG
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017
TEL. (212) 750-3100    FAX: (212) 750-8628

July 19, 2007

Katherine Goldstein
Assistant United States Attorney
Southern District of New York
United States Courthouse
One St. Andrew's Plaza
New York, New York 10007

Re: <u>United States v. Galina Zhigun,</u>
S1 – 06 – Cr. 1179 (RJH)

Dear Ms. Goldstein:

Pursuant to the informal discovery provisions of Southern District of New York Criminal Rule 16.1 and Rule 16, Fed. R. Crim P., what follows is a request made on behalf of Galina Zhigun for discovery and particulars in the above-captioned case. While mindful that you intend to provide discovery to us on a voluntary basis, to ensure that such production encompasses all of the materials to which we believe we are entitled, we are specifically requesting production of the following documents and information[1]:

## DISCOVERY

1. Any and all written and/or recorded statements made by the defendant within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government; the substance of any oral statements which the government intends to offer in evidence at trial made by the defendant in response to interrogation by any person then known to be a government agent, including any statements made either before or after arrest, whether or not preserved by the government in any form.

---

[1] The term "document" as used herein, either in the singular or plural, refers to data in both hard copy and electronic form.

AUSA Katherine Goldstein
July 19, 2007
Page 2

2. The prior criminal record, if any, of the defendant.

3. Any and all books, papers, documents, photographs, videotapes and other tangible objects, that are within the possession, custody or control of the government which are intended for use by the government as evidence in its case-in-chief at trial, or were obtained from or belong to the defendant.

4. Any and all books, papers, documents, photographs, videotapes and other tangible objects that are within the possession, custody or control of the government which are material to the preparation of the defense, including, but not limited to:

   a) copies of any cooperation or plea agreement between the government and any government witness;

   b) transcripts of any guilty plea entered by an alleged co-conspirator which the government intends to offer into evidence at trial;

   c) any post arrest statement made by any alleged co-conspirator, whether or not the government intends to offer same into evidence at trial;

   d) any and all surveillance photos and surveillance logs;

   e) copies and transcripts of all audio or video tape recordings containing the voice of the defendant or any alleged co-conspirator recorded during the alleged conspiracy;

   f) copies of all documents which relate to or reflect any and all properties involved in the alleged scheme to defraud, including, but not limited to, all loan applications, information related to alleged "straw buyers," leases, mortgages obtained, appraisals submitted, financial and/or personal information submitted, filings and closing documents;

   g) with respect to all documents produced in response to (f) above, please identify those alleged to be "false documentation" for the loans at issue.

AUSA Katherine Goldstein
July 19, 2007
Page 3

5. Any and all results of any physical or mental examination or scientific test or experiment made in connection with this case, whether or not the government intends to utilize same at trial. Set forth the name of the examiner and date(s) of each such examination or test. Provide copies of all documents, photographs, notes, reports, exemplars, or any tangible objects utilized in connection with any examination or test, along with copies of charts, graphs, blow-ups or other visual depictions intended for use as explanatory material at trial. Provide all reports written as a result of any examination or test set forth above.

6. All summaries and charts intended for use at trial pursuant to Rule 1006, Fed. R. Evid.

7. The name(s) and address(es) of any expert the government intends to call as a witness at trial pursuant to Rules 702 and 703, Fed. R. Evid. Provide a summary of each such expert's proposed testimony, along with copies of all materials utilized in arriving upon any expert opinion to be expressed.

8. Set forth the names and last known address(es) of all witnesses the government intends to call at trial, and in connection therewith, set forth the following:

   a) the witness' prior criminal record including arrests and convictions;

   b) any and all letters, memoranda, agreements, stipulations or transcripts concerning any form of immunity granted, or promises made, to any such witness by the government. If oral, provide a memorandum of any such promise or understanding;

   c) any and all reports, memoranda and correspondence by and/or between any witness and any law enforcement agency, or employees thereof, which might reasonably reflect on the witnesses' motive for testifying or cooperating with the government;

   d) any and all investigations into, or prosecutions of, any witness' conduct which might reasonably provide a motive for the witness' cooperation; and

AUSA Katherine Goldstein
July 19, 2007
Page 4

  e) any and all agreements, memoranda, and/or transcripts relating to a lesser plea for any offense, withdrawal of an indictment or promise of assistance or leniency.

9. State whether there has been any tape recording, electronic surveillance or interception of any kind in connection with this matter, whether by the government or any other party. If so, identify the person making any such recording or conducting any such surveillance, the type of surveillance, the equipment used and the authority for each such recording or surveillance. Please provide copies of all applications, affidavits, court orders, extensions thereof, periodic reports and surveillance logs, if said surveillance was court ordered.

10. With respect to any surveillance or interception enumerated in number nine above, provide any and all documents related to or reflecting any oral communication or wire communication intercepted, including transcripts and taped copies of all conversations which were intercepted or taped during any such surveillance.[2] The terms "oral communication," "wire communication" and "interception" as used herein are defined in 18 U.S.C. §2510. This request includes "one-party consent" acquisitions as well as those based upon prior judicial approval.

  a) with respect to any electronic surveillance, the government is requested to set forth the date and time of each surveillance, where any electronic surveillance device was placed and/or any telephone number(s) called.

  b) state whether any recording or other result of such surveillance have been scientifically tested, altered or treated in any way. If so, set forth the time, date, place and a description of the type of each test or alteration, identify the examiner and provide a copy of any report related thereto.

11. State whether the government or anyone acting on its behalf, conducted a "mail cover," "pen register" or any other similar interception or intrusion. If so, set forth the date, time, place and a

---

[2] References to "taped copies" refer to both audio and video tape recordings.

description of each such interception or intrusion. Provide any and all documents related to or reflecting any information derived therefrom.

12. State whether any items were seized from the defendant. Set forth an inventory of all items seized, the time, date and place of each search and seizure. State whether any such search or seizure was conducted pursuant to a search warrant. If so, produce all affidavits, court orders, extensions and warrants related thereto. If said search and seizure was warrantless, set forth the nature of the information upon which the search was based and the date said information was received by the government.

13. State whether, in addition to number 12, above, any search or seizure was conducted with respect to any other individual or entity, or the property of another individual or entity, the fruits of which will be introduced in the government's case-in-chief at trial. In this regard, counsel is aware of a January 2007 search of AGA Capital, 2729 Coney Island Avenue, Brooklyn, N.Y. State whether any other searches were conducted, the fruits of which are intended for use in the government's case-in chief. For all searches, please set forth an inventory of all items seized, the time, date and place of each search and seizure. State whether any such seizure was conducted pursuant to a search warrant. If said search and seizure was warrantless, set forth the nature of the information upon which the search was based and the date said information was received by the government. If said search was pursuant to a warrant, provide copies of the warrant and all documents, affidavits or statements of any kind submitted in support thereof.

14. If any tapes, reports of communications, fruits of any interception or search, or notes of any interview requested above have been or are intended to be discarded or destroyed, please identify same in sufficient detail to permit a timely request to the Court for appropriate relief.

15. State if any identification procedures such as line-ups, show-ups, or photospreads were utilized in the investigation of this case. If so, specify the nature of such identification procedure, the date(s) of occurrence and provide all photographs utilized and all reports or photographs generated as a result of such procedures.

AUSA Katherine Goldstein
July 19, 2007
Page 6

16. Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and their progeny, the government is requested to produce any evidence in its possession, custody or control which may tend to exculpate the defendant or which may be of value to the preparation of her defense. This request includes, but is not limited to:

   a) any information that the defendant was not part of the alleged racketeering conspiracy;

   b) any information which is contrary to, or differs from, the testimony of any government witness;

   c) any information provided by witnesses in proffer or "Queen for a Day" sessions with attorneys at the U.S. Attorney's Office or to agents involved in investigations at the U.S. Attorney's Office which contradict or are not supportive of any charge or theory contained in the indictment;

   d) the name(s) and address(es) of any person(s) the government reasonably believes has information helpful to the preparation of the defense; and

   e) every fact, circumstance, lead or piece of evidence which the United States Attorney knows (or can reasonably determine from an investigation of her files) would assist in the preparation of the defense.

17. State whether the government intends to introduce evidence of "similar acts" or other evidence pursuant to Rule 404(b), Fed. R. Evid. If so, set forth the date, place and nature of each "similar act," along with the proper purpose claimed by the government to support admission under Rule 404(b).

18. State whether the government intends to introduce any statements pursuant to Rule 801(d)(2)(E), Fed. R. Evid. If so, pursuant to Rule 806, Fed. R. Evid, provide all impeachment material in the government's possession related to any out-of-court declarant whose statements the government will seek to utilize.

AUSA Katherine Goldstein
July 19, 2007
Page 7

## PARTICULARS

With Respect to Count One:

1. Identify all "others" known to the grand jury alleged to be coconspirators, but not identified.

2. Set forth the specific location in Brooklyn, New York where it is alleged defendant Mishelevich submitted or caused to be submitted the home loan application alleged in sub paragraph a.

3. Identify the property that was the subject of the application alleged in sub paragraph a.

4. Identify the allegedly false information contained in the application alleged in sub paragraph a.

5. Set forth the specific location in Brooklyn, New York where it is alleged defendant Lipkin submitted or caused to be submitted the home loan application alleged in sub paragraph b.

6. Identify the property that was the subject of the application alleged in sub paragraph b.

7. Identify the allegedly false information contained in the application alleged in sub paragraph b.

8. Identify the "straw buyer" alleged in sub paragraph c.

9. Set forth the address of the Bronx, New York property alleged in sub paragraph c.

10. Set forth the specific location where defendants Dubin and Buzakher are alleged to have received $475,000 in sub paragraph c.

11. Set forth the specific location where it is alleged defendants Lipkin and Badyuk submitted false employment and financial information alleged in sub paragraph d.

12. Identify the allegedly false information alleged in sub paragraph d.

13. Set forth the address of the Sullivan County, New York property alleged in sub paragraph d.

AUSA Katherine Goldstein
July 19, 2007
Page 8

14. Identify all "others" referred to in sub paragraph e.

15. Set forth the specific "false information" allegedly submitted by defendant Zhigun alleged in sub paragraph f.

16. Set forth the specific "false information" allegedly submitted by defendant Furman alleged in sub paragraph g.

17. Identify the property subject to the closing referred to in sub paragraph ii.

With Respect to Count Nine:

1. Set forth all specific "false information" and "material omissions" alleged in paragraph 34.

With Respect to Count Fifteen:

1. Set forth all specific "false information" and "material omissions" alleged in paragraph 36.

It is respectfully requested that your reply be in writing, specifically addressed to and in the sequence of each request. If the government does not possess any information or documents responsive to a particular request, or if the law enforcement activity covered by a particular request did not occur, please so state. Your cooperation is much appreciated.

Very truly yours,

Robert F. Katzberg

RFG:gj