```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
                                             :
UNITED STATES OF AMERICA,                    :
            v.                               :
                                             :     06-CR-1179 (S-2) (RJH)
GALINA ZHIGUN, et al.,                       :
                                             :
            Defendants.                      :
                                             :
---------------------------------------------X
```

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GALINA ZHIGUN'S PRE-TRIAL MOTIONS

 

Robert F. Katzberg, Esq.
KAPLAN & KATZBERG
767 Third Avenue, 26th Fl.
New York, New York 10017

Attorneys for Defendant
Galina Zhigun

Mayo Schreiber, Jr., Esq.
On the Brief

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
:
UNITED STATES OF AMERICA,  :  **REPLY MEMORANDUM OF**
:  **LAW IN SUPPORT OF**
v.  :  **DEFENDANT**
:  **GALINA ZHIGUN'S**
GALINA ZHIGUN, et al.,  :  **PRE-TRIAL MOTIONS**
:
Defendants.  :
:  06-CR-1179 (S-2) (RJH)
:
------------------------------------------------X

## PRELIMINARY STATEMENT

Defendant Galina Zhigun respectfully submits this Reply to the government's Memorandum of Law in Opposition to Defendants' Pretrial Motions ("Opposition Brief"). At issue are Ms. Zhigun's motion seeking: (1) suppression of evidence seized by the government without probable cause, and (2) a Court order requiring the government to provide a bill of particulars pursuant to Rule 7(f), Fed.R.Crim.P. In this Reply, counsel addresses solely those matters raised by the government in opposition to the motion to compel and will rely on its original filing with respect to the motion to suppress.

## ARGUMENT

## THE GOVERNMENT MUST BE COMPELLED TO PROVIDE A BILL OF PARTICULARS IDENTIFYING THE ADDRESSES OF ALL PROPERTIES, ALL SPECIFIC FRAUDS ALLEGED IN THE INDICTMENT, AND THE IDENTITIES OF UNINDICTED CO-CONSPIRATORS

Our pretrial motion for particulars seeks information as to key aspects of this complex fraud case involving twenty-seven defendants in a three year period causing alleged losses of millions of dollars connected to numerous properties. Specifically, we request, *inter alia*, (1) the addresses of all properties subject to the allegedly false applications, (2) the specific "false information" the government is alleging the defendants provided, or the "material omissions" involved in obtaining the mortgages and loans in question; and (3) the identities of all unindicted co-conspirators. The government's opposition has largely failed to provide such particularization. As is detailed below, more is required.

## Addresses of Properties

Although the government has belatedly identified three of the five locations requested,[1] left unspecified are two of the locations. Given the complexity and size of the case, the government surely has an obligation, well in advance of trial, to identify which properties are at issue. In discovery to date the government has identified and provided materials concerning approximately sixty properties in the five boroughs of New York City; New Jersey; Sullivan County, New York; and other places. Count one, ¶4. Having conceded the need to particularize the addresses of three locations, *per se*, the government concedes the need to identify all.

---

[1] The government's response is ambiguous. After identifying the addresses of some of the properties defendant Zhigun requested, it claims "[t]hus, the defendants do not need a bill of particulars to identify the addresses of these properties." Opposition Brief at p. 45. The government's identification of the properties is as follows: overt act (a), 8 Pleasant Place, Brooklyn, New York; overt act (b), 225-19 113 Ave., Queens Village, New York; overt act (c), 330 Old Tacy Road, Kauneonga Lake, New York; and overt act (ii), 466 Milford Street, Brooklyn, New York. Id. There are two problems with the government's particularization. First, it does not identify the address of the property in count one, overt act (c). That paragraph in the indictment states that an unidentified straw buyer was used to obtain proceeds from a loan for a property in "the Bronx, New York." The government claims, in its Opposition Brief, that this property is the same as in count eight of the indictment, "330 Old Tacy Road, Kauneonga Lake, New York." Kauneonga Lake, however, is located in Sullivan County, so clearly there is some mistake. The government may have been referring to overt act (d), where allegations are made concerning a property in Sullivan County, New York. As a result, defendants still do not know the locations of the properties in overt acts (c) and (d) of count one.

3

## Specific Fraudulent Acts Alleged

The government claims a great variety of fraudulent means and methods were employed in this case, including: the use of "straw buyers," providing false information in loan and mortgage applications including misrepresentations about the buyer's ownership of a current residence, income, existing debt, assets, and credit rating; false information on bank statements or payroll information; the use of stolen identities; false information regarding the buyer's intent to reside in the property; and the use of artificial appraisals. Government's Opposition at p. 43. Count one, ¶¶8-11. The number of variables as to what specific fraud is alleged in each count (at least eleven possibilities as described by the government), as well as the different properties involved in the alleged fraud (approximately sixty), leaves the defendants essentially unguided as to what specific acts of fraud they are alleged to have committed as to each.

Merely providing "mountains of documents," as done herein, does not satisfy the government's obligation. United States v. Bartnovsky, 820 F.2d 572, 574 (2d Cir. 1987); United States v. Dames, 380 F.Supp.2d 270, 273 (S.D.N.Y. 2005). As noted in our pretrial memorandum, in a case it has failed to distinguish, the government has an obligation to apprise the defendant of the charges against her with enough specificity to enable her to adequately defend herself, even when it has provided extensive discovery (thousands of pages of documents):

4

> [o]verwhelming a defendant with discovery can obscure the particulars of a charge as fully as denying discovery. Thus, when faced with "mountains" of discovery, or "massive disclosures," a defendant may still be unable to prepare for trial and prevent surprise.

United States v. Luna, 2006 WL 1668006 at *2 (D.Conn). See also United States v. Urso, 369 F.Supp.2d 254, 271 (E.D.N.Y. 2005). Providing thousands of pages of documents without more, in essence, guts the mandate of Rule 7(f), Fed.R.Crim.P., to provide particulars

Thus, for example, in Defendant Zhigun's Request for Particulars, she requests that the government "identify the allegedly false information contained in the application alleged in sub paragraph (a) [of count one]" in reference to "the false employment and *other* information" (emphasis supplied) in the mortgage loan application." The government fails to identify what other information is false. Is it salary, assets, intent to occupy, or any of the other myriad false statements that the government alleges that the defendants have made? In total, the government has failed to identify: (1) the "other" or specific false information the defendants have allegedly provided in sub paragraphs (a), (b), and (d) of count one, and (2) the additional "false information" and "material omissions" alleged in paragraph 35 of count nine and paragraph 37 of count fifteen, of the Indictment. See Defendant Zhigun's Letter Request for Discovery and Particularization,

5

dated July 19, 2007, attached to the Notice of Motion as Exhibit "A." Such information is absolutely necessary to apprise the defendant of the crimes she is alleged to have committed. United States v. Torres, 901 F.2d 205, 234 (2d Cir.), cert. denied, 498 U.S. 906 (1990). Indeed, when expansive language in fraud actions, such as "among others" is used in an indictment, it is necessary to apprise the defendant of the charges she faces by compelling the government to particularize those "others" pursuant to Rule 7(f), Fed.R.Crim.P. See United States v. Ganim, 225 F.Supp.2d 145, 1555 (D.Conn. 2002).

## Unindicted Co-Conspirators

Finally, the government is obligated to provide the names of all unidentified co-conspirators with whom defendant Zhigun allegedly conspired in the criminal conduct at issue. See Defendant Zhigun's Letter Request for Discovery and Particularization, dated July 19, 2007, attached to the Notice of Motion as Exhibit "A." Courts in the Second Circuit typically compel the production of such information, see United States v. Feola, 651 F. Supp. 1068, 1131-34 (S.D.N.Y. 1987), aff'd without op., 875 F.2d 857 (2d Cir. 1989), as well as have numerous other district courts, United States v. Scheur, 2008 WL 490339 at *2 (E.D.La); United States v. Jewell, 2008 WL 400938 at *3 (E.D.Ark); United States v. Redding, 2008 WL 370643 at

6

*3 (D.Kan.); United States v. Hunter, 2008 WL 191981 at *5-6 (N.D.Cal.); United States v. Berry, 2008 WL 170587 at *2 (D.Minn). Grants of this information are routine, especially in complex conspiracy cases like the instant case, where acts of violence are not alleged. United States v. Nachamie, 91 F.Supp.2d 565, 572-73 (S.D.N.Y. 2000); United States v. Santiago, 174 F.Supp.2d 16, 35-36 (S.D.N.Y. 2001).

## CONCLUSION

Defendant Galina Zhigun respectfully requests the Court to grant her pre-trial motions for the reasons set forth in her original omnibus motion and those herein.

Respectfully submitted,

_____
Robert F. Katzberg (RFK-6013)
KAPLAN & KATZBERG
Attorneys for Defendant Galina Zhigun
767 Third Avenue, 26th Floor
New York, New York 10017
(212) 750-3100

DATED:  New York, New York
        March 5, 2008

TO:   Jonathan Brian New, Esq.
      Katherine Rachael Goldstein, Esq.
      Assistant U.S. Attorneys
      One St. Andrew's Plaza
      New York, New York 10007

All Defense Counsel

(All Via ECF)